IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Jerry Alexander Canzater, #248373,     )
                                       )
            Plaintiff,                 )     C.A. No. 0:09-2197-HMH-PJG
                                       )
      vs.                              )     **OPINION & ORDER**
                                       )
Warden Padula; Associate Warden        )
Bell; Classification Ms. Hilton;       )
Classification Mr. Oberman,            )
                                       )
            Defendants.                )

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Jerry Alexander Canzater ("Canzater"), a state prisoner proceeding pro se, alleges violations of his civil rights pursuant to 42 U.S.C. § 1983 . In her Report and Recommendation, Magistrate Judge Gossett recommends denying Canzater's motion for summary judgment and granting Defendants' motion for summary judgment. (Report and Recommendation 13.)

Canzater filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Canzater's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.  However, the court was able to glean two specific objections.  Canzater argues that (1) he was not allowed to file step 2 grievances in order to exhaust his administrative remedies and (2) he has satisfied the elements to establish deliberate indifference to his safety and medical needs in violation of the Eighth Amendment.  (Objections, generally.)

First, Canzater argues that he was not given the option to file a step 2 grievance in order to exhaust his administrative remedies.  (Id. 6-7.)  An inmate must exhaust all administrative remedies prior to filing an action challenging prison conditions under federal law. 42 U.S.C. § 1997e(a).  "[N]o one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted."  Woodford v. Ngo, 548 U.S. 81, 88-89 (2006).  Exhaustion is not "left to the discretion of the district court, but is mandatory." Id. at 85.

> [I]n order to exhaust the [South Carolina Department of Corrections ("SCDC")] administrative remedies, an inmate must fill out a Form 10-5, Step 1 grievance, and give the form to the Institutional Inmate Grievance Coordinator within fifteen days of the alleged incident of which the inmate complains.  The Warden must respond to the Step 1 grievance in writing no later than forty days from the filing of the initial grievance.  If the inmate is not satisfied with the Warden's response, he must file an appeal of the Step 1 grievance response by filing a Form 10-5a, Step 2 Request for Responsible Official Review, with the Inmate Grievance Coordinator within five days of the receipt of the response from the Warden.  A

> responsible official has sixty days to respond to the Step 2 grievance. The decision of the official who answers Step 2 is considered the SCDC's final response in the matter. Only after completing both Steps 1 and 2 in the SCDC grievance process has an inmate properly exhausted a claim under § 1983.

Penny v. McBride, No. 8:08-2404-PMD, 2009 WL 1346126, at *2 (D.S.C. May 13, 2009) (unpublished).

Canzater submitted a Step 1 grievance on July 8, 2009, complaining that he was wrongfully returned to the general population on June 11, 2009, because there was still a threat to his safety. (Defs. Mem. Supp. Summ. J. Ex. 8 (Mary Coleman Aff. ¶ 4).) The grievance was returned unprocessed because the grievance exceeded the fifteen-day deadline to challenge the June 11, 2009 decision. (Id.) Canzater did not file a Step 2 grievance to appeal the reviewing board's decision. Similarly, on August 24, 2009, Canzater submitted a Step 1 grievance raising the same complaint about being returned to the general population on June 11, 2009. (Id.) Canzater's grievance was returned unprocessed because it exceeded the fifteen-day deadline to challenge the June 11, 2009 decision. (Id.) Canzater did not submit a Step 2 grievance challenging the decision.

Canzater concedes that he failed to file a Step 2 grievance. Rather, he argues that he was not given the option to file a Step 2 grievance. (Objections 6-7.) However, Canzater does not present any evidence that he attempted to file a Step 2 grievance and was prevented from doing so. See Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) ("a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting"). Moreover, Canzater submits various grievance decisions that he has received which clearly state that if he is not satisfied with the

3

outcome of his Step 1 grievance, he may appeal by submitting a Step 2 grievance form. (Objections Ex. 2 (Grievance Forms).) Based on the foregoing, the court finds that Canzater did not exhaust his administrative remedies nor has he provided any evidence that he was precluded from exhausting his administrative remedies. As such, his objection is without merit.

Moreover, Canzater's claim fails on the merits. Canzater argues that he has sufficiently established that Defendants were deliberately indifferent to his safety and medical needs because he was placed back into the dangerous general population and because he did not receive immediate medical attention when requested. (Objections, generally.) "In order to establish a claim of deliberate indifference to medical [or safety] need[s] [under the Eighth Amendment], the need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate penological objective." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). "Deliberate indifference is a very high standard–a showing of mere negligence will not meet it." Id.

"For a claim . . . based on a failure to prevent harm, [Canzater] must show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994). On May 10, 2009, Canzater alleged that he was attacked by inmates. (Defs. Mem. Supp. Summ. J. Ex. B ("Evaluation of Protective Concern").) Canzater noted in his request for protection, however, that he did *not* fear for his life or safety. (Id. B ("Evaluation of Protective Concern").) Canzater was placed in protective custody on May 12, 2009, while his allegations were investigated and reviewed. (Id. Ex. C (Margaret Bell Aff. ¶ 7).) Canzater was also placed in protective custody on June 9, 2009, after complaining of threats from inmates. (Id. Ex. C (Margaret Bell Aff. ¶ 7).) "Canzater provided a statement listing vague references to

inmates he was afraid of . . . . The investigation did not produce any evidence to support . . . Canzater's allegations, and he was ordered back to the general population." (Id. Ex. C (Margaret Bell Aff. ¶ 7).)

Canzater argues that Defendants knew that his safety "risk was obvious" and they "knew that Darlington [Unit, the section of the prison where he was housed,] had a violent reputation." (Objections 12.) Nevertheless, Canzater has failed to establish that Defendants were deliberately indifferent to his safety. Canzater stated that after he was initially placed in protective custody that he felt that the inmates "wouldnt [sic] mess with [him] anymore, because they got what they wanted." (Canzater Mem. Opp'n Summ. J. Ex. 1 (Canzater Aff. ¶ 6).) Moreover, Canzater does not dispute that when he complained of being threatened, he was placed within protective custody. As such, his objection that he has established that Defendants were deliberately indifferent to his safety is without merit.

Canzater also argues that he has established that Defendants were deliberately indifferent to his medical needs. Canzater alleges that he was "not seen by medical for about 3 ½ months, even though [he] . . . sent requests." (Objections 14.) According to Canzater's medical records, he has received medical treatment for both physical and mental complaints on over thirty occasions from April 2009 through November 2009. (Defs. Mem. Supp. Summ. J. Ex. J (Medical Records).) Canzater argues that he has been denied medical attention regarding his physical pain. (Objections 14-15.) However, "[t]he mere failure to treat all medical problems to a prisoner's satisfaction, even if that failure amounts to medical malpractice, is insufficient to support a claim under § 1983." Peterson v. Davis, 551 F. Supp. 137, 146 (D. Md. 1982). Canzater has provided no evidence to support his allegation that Defendants were deliberately

5

indifferent to his medical needs. In fact, the record establishes that Canzater has been seen on numerous occasions for both his physical and mental complaints within a short period of time. Further, there is no evidence that Canzater had any serious medical needs that were not treated. Accordingly, Canzater's objection is without merit.

Based on the foregoing, the court adopts Magistrate Judge Gossett's Report and Recommendation.

Therefore, it is

**ORDERED** that Canzater's motion for summary judgment, docket number 26, is denied. It is further

**ORDERED** that Defendants' motion for summary judgment, docket number 37, is granted. It is further

**ORDERED** that Canzater's motion for discovery, docket number 53, is denied as moot.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.<br>Senior United States District Judge

Greenville, South Carolina
August 9, 2010

## NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.